b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDWIN LEDELL SMITH, Petitioner | CIVIL DOCKET NO. 1:22-CV-02071 |
| VERSUS | DISTRICT JUDGE DOUGHTY |
| ACTING WARDEN BAYSHORE, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for writ of *habeas corpus* filed by Edwin Ledell Smith ("Smith") pursuant to 28 U.S.C. § 2241.

Because Smith's § 2255 proceedings are currently pending on appeal, his § 2241 petition should be dismissed without prejudice as premature.

### I.   Background

Smith filed a Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Smith challenges his 2012 conviction in the United States District Court for the Western District of Texas on one count of aiding and abetting in carrying and using a firearm in relation to a crime of violence (attempted Hobbs Act robbery) and using that firearm to kill a person with premeditation, in violation of 18 U.S.C. § 1111. He was sentenced to 420 months imprisonment.

Smith contends the recent opinion by the United States Supreme Court in *United States v. Taylor,* 142 S. Ct. 2015, 2020-21 (U.S. 2022), shows he is actually

innocent. In *Taylor,* the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under the Armed Career Criminal Act ("ACCA").

## II. Law and Analysis

Jurisdiction over a § 2241 petition lies in the district where the petitioner is incarcerated. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001). However, § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under § 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a § 2255 motion lies in the sentencing court. *See Lee*, 244 F.3d at 373. In this case, that is the Texas district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. *See Lee*, 244 F.3d at 372. A petition filed under § 2241 that attacks error that occurred at trial or sentencing is properly construed as a § 2255 motion. *See Jeffers v. Chandler*, 253 F.3d 827, 829 (5th Cir. 2001), *cert. den.*, 534 U.S. 1001, 122 S. Ct. 476 (2001). This Court lacks jurisdiction to consider Smith's motion pursuant to § 2255.

Nevertheless, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" of § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court

has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*See Jeffers*, 253 F.3d at 829; *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition is not a substitute for a motion pursuant to § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. *See Jeffers*, 253 F.3d at 829; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Smith is clearly seeking to attack the imposition, not execution, of his sentence. Such attacks must be brought pursuant to § 2255. *See Pack*, 218 F.3d at 451. "Although '[i]n "extremely limited circumstances," federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion' pursuant to the 'so-called "savings clause" of § 2255(e),' *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022), *cert. den.*, 143 S. Ct. 580 (2023) (quoting *Pack*, 218 F.3d at 452), the Supreme Court has recently recognized in *Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (U.S. 2023), that such recourse is available only 'where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence.'" *Arellano v. Withers,* 2023 WL 4311621, at *1 (5th Cir. 2023).

Smith filed this § 2241 *habeas* petition in July 2022. Smith filed a § 2255 Motion in the Texas court in October 2022. *See United States v. Smith*, No. 7:12-CR-075-01, ECF No. 210 (W.D. Tex.). In November, Smith moved to withdraw the Motion, and that was granted in December 2022. ECF Nos. 213, 214. In March 2023, Smith again filed a § 2255 Motion. ECF No. 216. That Motion was denied on the merits. ECF Nos. 228, 229. Smith has appealed that ruling. ECF No. 230.

Under § 2255(e), Smith must show that he applied for § 2255 relief in the Texas court. He did, and the court denied him relief. However, the United States Fifth Circuit Court of Appeals has not yet ruled on his appeal of that denial. Therefore, this § 2241 petition brought pursuant to the savings clause of § 2255 is premature.[1]

It is also noted that Smith did not justify filing a § 2241 *habeas* petition in this Court by alleging unusual circumstances that make it impossible or impracticable for him to collaterally attack his sentence in the sentencing court. See *Jones*, 143 S. Ct. at 1868; *Arrelano*, 2023 WL 4311621 at *1. Instead, Smith attempted to meet the factors set forth in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

---

[1] *See Maldonado v. Hemingway,* 2022 WL 340582, at *2 (E.D. Mich. 2022); *Witchard v. Antonelli,* 2019 WL 55458793, at *3 n. 2 (D.S.C. 2019), adopting report and recommendation, 2019 WL 5448447 (D.S.C. 2019), aff'd, 801 Fed. Appx. 146 (4th Cir. 2020); *Callen v. Quintana,* 2015 WL 3743355, at *2 (E.D. Ky. 2015); *Garner v. Warden, FCI Schuylkill,* 2015 WL 4389648, at *4 (N.D. Oh. 2015); *Hunter v. Herrington,* 2014 WL 4494573, at *3 (W.D. Ky. 2014).

However, in the recent case of *Jones,* 143 S. Ct. at 1868, the United States Supreme Court expressly abrogated the savings clause test set forth in *Reyes-Requena.*

Therefore, Smith's § 2241 petition should be dismissed without prejudice as premature.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Smith's § 2241 petition be DISMISSED WITHOUT PREJUDICE as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>7th</u> day of August 2023.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge